UNITED STATES of America, Plaintiff–Appellee,

v.

Rene DIAZ–CARDENAS, Defendant–Appellant.

No. 02–50415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Filed Oct. 30, 2003.

---

Richard D. Rome, Van Nuys, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, and Michael F. Kaplan, Assistant United States Attorneys, San Diego, CA, for the plaintiff-appellee.

Before: BEEZER, FISHER, Circuit Judges, and ENGLAND,* District Judge.

BEEZER, Circuit Judge:

Appellant Rene Diaz–Cardenas appeals the sufficiency of the evidence supporting his convictions for importing cocaine and methamphetamine and for possessing with intent to distribute cocaine and methamphetamine. Diaz–Cardenas also raises several sentencing issues. Diaz–Cardenas was sentenced to 151 months incarceration and five years of supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

I

On July 3, 2001, Diaz–Cardenas entered the United States from Mexico driving a vehicle containing 9.48 pounds of methamphetamine (4.31 kilograms) and 17.65 pounds of cocaine (8.02 kilograms) in the air bag of the vehicle. Customs officers

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

inspected the vehicle. The drugs were worth over one million dollars in the United States. Diaz–Cardenas was the registered owner and sole occupant of the vehicle. A drug sniffing dog alerted the officers to the vehicle and Diaz–Cardenas was arrested.

At trial, Diaz–Cardenas asserted that he did not have knowledge of the drugs in the vehicle. He explained that he thought he was smuggling an alien, not drugs. Despite his testimony, the jury returned a guilty verdict.

## II

■■■ We review the question whether sufficient evidence exists to support appellant's convictions *de novo. United States v. Garcia–Paz,* 282 F.3d 1212, 1217 (9th Cir.2002). There is sufficient evidence to support a conviction if viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

## III

■■■ Diaz–Cardenas argues that there was insufficient evidence to support his convictions for importation of cocaine and methamphetamine and possession of cocaine and methamphetamine with intent to distribute.[1] The elements of importation include: (1) intentionally bringing a controlled substance into the United States; (2) with knowledge that it was a controlled substance. *United States v. Vargas–Castillo,* 329 F.3d 715, 719 (9th Cir.2003). The elements of possession with intent to distribute are: (1) knowingly possessing a controlled substance; (2) with intent to deliver it to another person. *Id.* Diaz–

Cardenas argues that there was insufficient evidence to support the element of knowledge.

■■■ A jury can infer knowledge when an individual is the driver and sole occupant of the vehicle. *United States v. Davila–Escovedo,* 36 F.3d 840, 843 (9th Cir. 1994). A jury can also infer knowledge from possession of a large quantity of drugs. *United States v. Cervantes,* 219 F.3d 882, 893 (9th Cir.2000) (inferring knowledge from 30 pounds of methamphetamine and some drug manufacturing equipment); *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.1988), *cert. denied* 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988) (inferring knowledge from possession of two kilograms of cocaine). The evidence against Diaz–Cardenas meets both criteria. There was sufficient evidence to support Diaz–Cardenas's convictions.[2]

## IV

■■■ We review the district court's interpretation and application of the sentencing guidelines *de novo. United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996). We review factual findings made by the district court for clear error. *Id.* The sentencing judge's findings are entitled to great deference and should not be disturbed on review unless they are without foundation. *Id.*

## V

Diaz–Cardenas argues that the district court erred at sentencing by not giving acceptance of responsibility and safety value adjustments.

---

1. 21 U.S.C. §§ 952 and 960(importation of cocaine and methamphetamine); 21 U.S.C. § 841(a)(1) (possession with intent to distribute).

2. We do not rely on evidence of Diaz–Cardenas's silence when confronted with the drugs.

## A

Diaz–Cardenas argues that he was entitled to a three point downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 (2000).[3] Even though he went to trial, Diaz–Cardenas claims that he cooperated with the authorities after his arrest.

Evidence of acceptance of responsibility includes pleading guilty before trial, admitting to the conduct comprising the offense, and truthfully admitting or not falsely denying additional relevant conduct. U.S.S.G. § 3E1.1, App. Note 3; see United States v. Fellows, 157 F.3d 1197, 1203 (9th Cir.1998). In "rare situations" a defendant may still demonstrate acceptance of responsibility even though he goes to trial. See U.S.S.G. § 3E1.1, App. Note 2; see also United States v. Sotelo, 109 F.3d 1446, 1449 (9th Cir.1997) (describing a rare defendant who exhibited "overwhelming cooperation and remorse by accepting responsibility from the beginning, assist[ing] police officers, provid[ing] a full statement, and attempt[ing] to plead guilty several times before and during trial" and who was entitled to departure) (citations and quotations omitted).

In this case, Diaz–Cardenas did not exhibit overwhelming cooperation and assistance from the beginning. Diaz–Carde-nas never admitted his guilt and contested the element of knowledge at trial. See United States v. Chastain, 84 F.3d 321, 324 n. 3 (9th Cir.1996) (finding no acceptance of responsibility where defendant contested factual element of willfulness). In fact, he continues to argue the sufficiency of the evidence on appeal. The district court correctly declined to give a downward departure for acceptance of responsibility.

## B

Diaz–Cardenas also argues that the district court erred in failing to apply the safety valve provision of U.S.S.G. § 5C1.2. The parties agree that Diaz–Cardenas met the first four criteria under U.S.S.G. § 5C1.2(a).[4] Diaz–Cardenas argues that he also satisfied the fifth provision, which requires that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of

3. Section 3E1.1 provides:
(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby

> permitting the government to void preparing for trial and permitting the court to allocate its resources efficiently,
decrease the offense level by 1 additional level.

4. The four criteria are: (1) that the defendant have no more than 1 criminal history point; (2) that the defendant did not use violence or credible threats of violence or a dangerous weapon; (3) that the offense did not result in death or serious bodily injury; and (4) that the defendant was not an organizer, leader, manager or supervisor of others in the offense and was not engaged in a continuing criminal enterprise. U.S.S.G. § 5C1.2(a)(1)-(4).

the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5).

In denying safety valve relief, the district court relied on the fact that 12 jurors disagreed with Diaz–Cardenas's testimony.[5]

▮ The burden at sentencing was on Diaz–Cardenas to prove by a preponderance of the evidence that he qualified for the safety valve provision. *United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996). If Diaz–Cardenas made this showing, the government could rebut by showing that the information supplied to the government was untrue or incomplete. *United States v. Shrestha,* 86 F.3d 935, 940 (9th Cir.1996), *cert. denied* 519 U.S. 956, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996).

▮ The district court observed that the government met its burden by showing that Diaz–Cardenas's proffered information was untrue. There is no clear error in this finding. The district court correctly declined to apply the safety valve provision.

## VI

Diaz–Cardenas argues that he should receive the benefit of a November 1, 2002 amendment to section 2D1.1(a)(3) of the sentencing guidelines, which added an offense level cap of 30 for individuals receiving a mitigating role adjustment. U.S.S.G. § 2D1.1(a)(3) (2002); Amendment 640, U.S.S.G. Supplement to App. C at 263–65 ("Amendment 640"). Diaz–Cardenas was sentenced on July 31, 2002, under the 2000 guidelines, which did not provide for such a cap. U.S.S.G. § 2D1.1(a)(3) (2000). Diaz–Cardenas received a mitigating role adjustment.

▮ Amendments that simply clarify the guidelines rather than substantively change them can be applied retroactively. *United States v. Sanders,* 67 F.3d 855, 856 (9th Cir.1995). On the other hand, substantive amendments to the guidelines that occur between the date of sentencing and the resolution of an appeal have no retroactive effect unless specifically referenced in U.S.S.G. § 1B1.10. *United States v. Aldana–Ortiz,* 6 F.3d 601, 603 (9th Cir.1993). Amendment 640 is not listed in U.S.S.G. § 1B1.10. (2002).[6]

▮ The determinative question is whether Amendment 640 is substantive or clarifying. Amendment 640 is a substantive change to the guidelines because it creates an offense level cap that did not previously exist. *See United States v. Mooneyham,* 938 F.2d 139, 140 (9th Cir.

---

**5.** The district judge in this case was considering a number of sentencing issues when he stated that the jury disagreed with the defendant's testimony; he did not specify that this disagreement was the basis for his rejection of the safety value. Although a district court is required to state its reasons in open court for a decision not to apply a safety valve provision, *see United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996) (vacating and remanding for resentencing when district court did not provide a reason for failing to apply U.S.S.G. § 5C1.2), any failure to specifically do so in this case constituted harmless error because the record at sentencing supports a finding that the safety valve provision does not apply. *See United States v. Mendoza,* 121 F.3d 510, 513 (9th Cir.1997) (noting that remand is not required where district court's error in applying the Guidelines did not affect the district court's selection of the sentence imposed).

**6.** Amendment 640 reads, "Section 2D1.1(a)(3) is amended by striking 'below.' and inserting', except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30.' " Amendment 640, U.S.S.G. Supplement to App. C at 263.

1991) (holding that an amendment requiring a reduction of the offense level for acceptance of responsibility was not clarifying and could not be applied retroactively). Further, the Amendment itself specifically states that its purpose is "to modify 2D1.1(a)(3)." *See* Amendment 640, U.S.S.G. Supplement to App. C at 264; *cf. United States v. Sanders,* 67 F.3d 855, 857 (9th Cir.1995) (holding that an amendment clarified when the commentary to the amendment stated that the purpose of the amendment was "to clarify").

Amendment 640 cannot be applied retroactively to Diaz–Cardenas's sentence. *Accord United States v. Garcia,* 339 F.3d 116, 120 (2d Cir.2003).

AFFIRMED.