**UNITED STATES OF AMERICA,**
**Plaintiff—Appellee,**

v.

**William Leon CASSIDY, Defendant—Appellant.**

No. 04–10060.

D.C. No. CR–02–05171–OWW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 19, 2004.

Sheila K. Oberto, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, FPDCA—Federal Public Defender's Office (Fresno), Fresno, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON and KOZINSKI, Circuit Judges, and RHOADES, District Judge.**

## MEMORANDUM***

William Leon Cassidy challenges his conviction on seven counts of making a false claim to a government agency in violation of 18 U.S.C. § 287, and seven counts of misappropriation of postal funds in violation of 18 U.S.C. § 1711 on two grounds. First, he argues that the evidence was insufficient for the jury to conclude that he had misappropriated postal funds. Second, he argues that he was denied his Sixth Amendment right to counsel because of remarks made by the prosecution during its rebuttal closing argument. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### A. Sufficiency of the Evidence

■ We review de novo whether sufficient evidence supports a conviction. *United States v. Diaz–Cardenas,* 351 F.3d 404, 407 (9th Cir.2003). Sufficient evidence exists if, viewing the evidence in a light most favorable to the government, a rational jury could have found all elements of the offense beyond a reasonable doubt. *Id.*

To establish Cassidy's guilt for misappropriation of postal funds, the government was required to prove that (1) while Cassidy was an employee of the U.S. Postal Service, (2) money came into his possession, that (3) he intentionally took for his own purpose. *See* 18 U.S.C. § 1711; *United States v. Morrison,* 536 F.2d 286

(9th Cir.1976). Viewing the evidence in the light most favorable to the government, any rational jury could have found all elements of misappropriation beyond a reasonable doubt.

### B. Denial of Counsel

■ When there is no objection made at trial, any allegedly improper statement made by the prosecution during closing argument is subject to plain error review. *See United States v. Brown,* 327 F.3d 867, 871 (9th Cir.2003). Under this standard, we may "correct only those errors that are 'particularly egregious' and that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. de Cruz,* 82 F.3d 856, 861 (9th Cir.1996) (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Even if we assume that the prosecution made statements that were improper or that somehow impugned defense counsel's integrity, defendant has failed to establish that he was prejudiced. *United States v. Patel,* 762 F.2d 784, 795 (9th Cir.1985) ("When a prosecutor's remarks are nonprejudicial, or constitute reasonable inferences from the evidence, no prosecutorial misconduct can be demonstrated.").

AFFIRMED.

** The Honorable John S. Rhoades, Senior Judge, United States District Court for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.