**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Esteban RAYGOSA–ESPARZA, Defendant—Appellant.**

No. 03–50267.

D.C. No. CR–02–00003–VAP–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 22, 2004.

USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

U.S. Attorney Office, Lisa M. Bassis, Los Angeles, CA, for Defendant–Appellant.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM *

Estaban Raygosa–Esparza appeals his jury conviction on charges of conspiracy to possess with intent to distribute heroin, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, and of attempting to obtain contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Raygosa–Esparza argues that there was insufficient evidence to support his conviction on either charge and that the district court abused its discretion and violated his constitutional right to a fair trial when it excluded the results of the polygraph examination of government witness Dayton Williams, who was also an inmate at the same prison as Raygosa–Esparza. We

---

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## 1. Sufficiency of Evidence for Conspiracy Conviction

"There is sufficient evidence to support a conviction if viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Diaz–Cardenas*, 351 F.3d 404, 407 (9th Cir.2003). A conviction may be based on the uncorroborated testimony of a single accomplice or informant, *United States v. Tam*, 240 F.3d 797, 806 (9th Cir.2001), so long as it is not "incredible or unsubstantial on its face," *Lyda v. United States*, 321 F.2d 788, 794–95 (9th Cir.1963). Because co-conspirator Dayton Williams's testimony was not so incredible on its face as to require corroboration, and because, in any event, the government presented evidence that at least partially corroborated his testimony, the government has satisfied its burden, such that a rational jury could have concluded that Raygosa–Esparza was guilty of conspiracy beyond a reasonable doubt. *See Diaz–Cardenas*, 351 F.3d at 407.

## 2. Sufficiency of Evidence for Attempt Conviction

To convict Raygosa–Esparza of attempt to obtain contraband in prison, the government was required to establish (1) that he intended to obtain contraband, and (2) that he took a substantial step toward completion of that act. *See United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995). The government's evidence established that Raygosa–Esparza sought out Williams, offered him payment in exchange for smuggling a specific variety of drugs into the prison, and then questioned Williams about his timetable for completing the transaction and whether Williams was still willing to go through with it.

Viewing this evidence in the light most favorable to the government, *Diaz–Cardenas*, 351 F.3d at 407, it is sufficient to establish that Raygosa–Esparza had the requisite intent to smuggle contraband into the prison, *see United States v. Buffington*, 815 F.2d 1292, 1302 (9th Cir.1987). Furthermore, by finding another inmate willing to smuggle the drugs, by obtaining Wade's name and number, by then passing that information to Velarde, and by passing Gonzales's name and number to Williams, Raygosa–Esparza not only took a substantial step, but "committed all the steps necessary on his part to the completion of" the scheme to smuggle the drugs into the prison. *See United States v. Smith*, 962 F.2d 923, 930–31 (9th Cir.1992). Viewing this evidence in the light most favorable to the government, we find that a rational jury could have found Raygosa–Esparza guilty, beyond a reasonable doubt, of attempt to obtain contraband in prison. *See Diaz–Cardenas*, 351 F.3d at 407.

## 3. Exclusion of Polygraph Evidence

The district court did not abuse its discretion in excluding the polygraph evidence under Federal Rule of Evidence 403. *See United States v. Gonzalez–Torres*, 309 F.3d 594, 601 (9th Cir.2002) (noting that district court's decision to exclude evidence is reviewed for abuse of discretion). In spite of the limited purpose for which the polygraph evidence was offered, there remained a special risk that a jury might give excessive weight to a polygrapher's conclusion. *See United States v. Benavidez–Benavidez*, 217 F.3d 720, 724–25 (9th Cir.2000) (noting that exclusion of polygraph evidence "based solely on Rule 403 affords us ample authority for affirming the trial court") (internal quotation marks and citation omitted). As we previously have emphasized, "a trial court will rarely abuse its discretion by refusing to admit [polygraph evidence], even for a limited purpose and under limited conditions."

*Id.* at 725 (9th Cir.2000) (quoting *United States v. Marshall,* 526 F.2d 1349, 1360 (9th Cir.1975) (en banc)).

Finally, the district court did not violate Raygosa–Esparza's right to confrontation because it permitted him to question Williams on every fact of the polygraph, including the polygrapher's questions, Williams's responses, and Williams's admissions that he lied. This gave defense counsel great leeway to challenge Williams's credibility. *See United States v. Manning,* 56 F.3d 1188, 1197 (9th Cir. 1995). That defense counsel did not pursue this line of questioning does not establish that the district court violated Raygosa–Esparza's right to confrontation.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.