**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Mark BURGESS, Defendant—Appellant.**

**No. 03–50625.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Nov. 9, 2004.

Hanley Chew, Esq., Erik M. Silber, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM *

William Mark Burgess appeals his conviction and sentence for passing a fictitious instrument appearing to be an actual security issued under the authority of the Unit-

ed States in violation of 18 U.S.C. § 514(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ We reject Burgess's claim that his Farretta waiver was not knowing and intelligent. On two different occasions the district court "discussed with the defendant, in open court, whether his waiver was knowing and intelligently made, with an understanding of the charges, the possible penalties, and the dangers of self-representation." *Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.2000). At both the October 25, 2002 status conference and the May 28, 2003 hearing, the court advised Burgess of the dangers and disadvantages of self-representation; at both hearings Burgess repeatedly indicated that he understood the concerns and warnings of the district court.

Nor is there merit to Burgess's contention that the court should have suspected that he was not competent to waive his right to counsel, and that the illogical nature of his statements and filings were sufficient to have established that he suffered from some mental deficiency. There is no evidence in the record that Burgess suffered from any type of mental instability or illness, and "[t]he filing of meritless motions without a logical or legal foundation does not itself justify the denial of a defendant's Sixth Amendment right to represent himself." *United States v. Arlt,* 41 F.3d 516, 518 (9th Cir.1994). Moreover, the district court ordered a psychological evaluation, which concluded that Burgess understood the criminal charges against him, the nature of the district court proceedings, and the role of counsel in those proceedings. We therefore affirm the district court's ruling that Burgess's decision

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to represent himself was "knowingly made."

■ We also reject Burgess's claim that the district court committed clear error in determining that Burgess was not entitled to a two-level sentencing adjustment for acceptance of responsibility. Burgess asserts that he was entitled to the adjustment because he did not enter a plea of not guilty, did not contest the government's evidence at trial, and stated at trial that he pled guilty. However, "[a] defendant who pleads guilty is not entitled to the adjustment for acceptance of responsibility as a matter of right." *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir.1995). On the contrary, "[e]vidence of acceptance of responsibility includes pleading guilty before trial, admitting to the conduct comprising the offense, and truthfully admitting or not falsely denying additional relevant conduct." *United States v. Diaz–Cardenas*, 351 F.3d 404, 408 (9th Cir.2003). Burgess's pre-trial statements and conduct provide no indication that he accepted responsibility for his crime. U.S.S.G. § 3E1.1 cmt. n. 2. He did not surrender to the authorities after he committed the offense; he did not cooperate with or assist the authorities in any way; and he did not admit to his criminal conduct prior to trial. Instead, Burgess "insisted that the check was good and that everything was totally legitimate." The district court properly considered the totality of Burgess's conduct and did not clearly err in determining that Burgess's conduct was inconsistent with a sincere acceptance of responsibility.

AFFIRMED.