**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo ALVARADO–SOTOMAYOR,
Defendant–Appellant.**

**No. 06–10374.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

William S. Wong, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant–Appellant.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Arturo Alvarado–Sotomayor appeals from the 151–month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Appellant contends that the district court erred by failing to provide reasons at sentencing for refusing to apply safety valve relief. We conclude that any error in this regard was harmless because the record at sentencing supports a finding that the safety valve provision does not apply. *See United States v. Diaz–Cardenas,* 351 F.3d 404, 409 n. 5 (9th Cir.2003).

■ Appellant also contends that remand is required to afford him an opportunity to be debriefed by the government so that he may meet the safety valve eligibility requirement under 18 U.S.C. § 3553(f)(5). We reject this contention because nothing in the record indicates that appellant was prevented from providing the government the necessary information under this requirement prior to sentencing. *See United States v. Mejia–Pimental,* 477 F.3d 1100, 1103–08 (9th Cir.2007) (holding that a written proffer to the government after previous failures to provide full disclosure may establish eligibility under § 3553(f)(5)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.