**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Juan CONCHAS, Defendant–Appellant.**

**No. 08–50056.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2008.*

Filed Dec. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luella M. Caldito, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert H. Rexrode, III, San Diego, CA, for Defendant–Appellant.

Before BRIGHT,** HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Luis Juan Conchas ("Conchas") appeals his jury trial conviction for importing marijuana into the United States (21 U.S.C. §§ 952, 960) and possessing marijuana with the intent to distribute (21 U.S.C. § 841(a)(1)). We affirm.

■ The evidence was sufficient to sustain the conviction. *United States v. Diaz–Cardenas,* 351 F.3d 404 (9th Cir. 2003), addressing nearly identical facts, concluded that a rational jury could "infer knowledge from possession of a large quantity of drugs" hidden in a car, and no more. *Id.* at 407 (citing *United States v. Cervantes,* 219 F.3d 882, 893 (9th Cir. 2000)). *See also United States v. Barbosa,* 906 F.2d 1366, 1368 (9th Cir.1990) ("[M]ere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics.").

When drugs are hidden in a secret compartment within a vehicle, a rational jury

---

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

may also infer that the driver who had control of the car prior to the border crossing knew of the drugs. *United States v. Martinez,* 514 F.2d 334, 339 (9th Cir. 1975); *United States v. Rubio–Villareal,* 927 F.2d 1495, 1499 (9th Cir.1991) (stating that this inference is reasonable even if other passengers are in the vehicle), *vacated on other grounds,* 967 F.2d 294, 296 (9th Cir.1992) (en banc).

The evidence also shows Conchas made inconsistent statements about the identity of the car's owner and appeared nervous at the border, providing further support for an inference of knowledge. *United States v. Quintero–Barraza,* 78 F.3d 1344, 1352 (9th Cir.1995) (inconsistent statements); *Barbosa,* 906 F.2d at 1368 (nervousness).

■ The district court did not abuse its discretion by failing to grant his motion to sever his trial from Garcia. Defendants may be jointly charged "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed R.Crim. P. 8(b).

Severance for mutually antagonistic defenses is required only when the defendant has shown that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Mayfield,* 189 F.3d 895, 899 (9th Cir.1999) (citation omitted). But "[m]ere inconsistency in defense positions is insufficient to find co-defendants' defenses antagonistic." *United States v. Tootick,* 952 F.2d 1078, 1081 (9th Cir.1991).

Here, Conchas's and Garcia's defenses were not directly at odds with each other. In fact, each presented the same defense that they had no knowledge of the hidden marijuana. Because the jury could have found that one, both, or neither of the co-

defendants knew about the drugs, their defenses were not mutually antagonistic.

■ Conchas contends he was prejudiced when Garcia's counsel asked Officer Bosquet about the report reciting his interactions with the co-defendants and whether any fingerprints had been found on the packages of marijuana. These *questions* (the latter was withdrawn) simply did not constitute improper incriminating *evidence* against Conchas. Indeed, the judge instructed the jury before both opening and closing arguments that the questions and objections of the lawyers are not evidence and should not be considered when determining the innocence or guilt of the codefendants. The judge also took steps to eliminate any potential for prejudice by instructing the jury that it was their duty to consider the evidence against each defendant separately.

**AFFIRMED.**