MEMORANDUM *
Erin Marie Ahearn (“Ahearn”) appeals her conviction for conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1) & (b)(l)(B)(vii), 846; possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(l)(B)(vii); conspiracy to import marijuana, 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(2)(G), 963; and importation of marijuana, 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(2)(G). We affirm.
Ahearn contends that her Fifth Amendment rights were violated when the prosecutor asked questions of Agent Liles and Ahearn that impliedly referenced Ah-earn’s silence. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Even assuming that the prosecutor’s questions directed at Agent Liles violated Ah-earn’s Fifth Amendment rights, there was no Doyle violation insofar as “the district court promptly sustain[ed] a timely objection ..., instructed] the jury to disregard the question, and g[ave] a curative jury instruction.” United States v. Lopez, 500 F.3d 840, 844 (9th Cir.2007); see also Greer v. Miller, 483 U.S. 756, 764, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (no Doyle violation in such a case).
While the court promptly sustained an objection when the prosecutor impliedly questioned Ahearn about her silence, the court did not strike the question and answer or instruct the jury to disregard the question. To the extent that the general jury instructions failed to cure any Doyle error, reversal is nonetheless not warranted in this case because the “prosecution [has demonstrated], beyond a reasonable doubt, that the error was harmless.” United States v. Caruto, 532 F.3d 822, 827 *201 (9th Cir.2008) (citing United States v. Baker, 999 F.2d 412, 416 (9th Cir.1993)). When determining whether the government has established that a Doyle violation constituted harmless error, this court considers three factors: “[1] the extent of comments made by the witness, [2] whether an inference of guilt from silence was stressed to the jury, and [3] the extent of other evidence suggesting defendant’s guilt.” United States v. Velarde-Gomez, 269 F.3d 1023, 1034 (9th Cir.2001) (en banc) (quoting United States v. Newman, 943 F.2d 1155, 1158 (9th Cir.1991)). Here, Ahearn’s answer to the question at issue was brief, and the prosecutor did not seek further elaboration. Ahearn’s silence was not stressed to the jury, and the government did not mention her silence in closing arguments. Finally, the other evidence suggesting Ahearn’s guilt was extensive. Therefore, any error was harmless.
The district court did not err in rejecting Ahearn’s proposed jury instruction on her theory of the case. The district court’s other instructions adequately and accurately stated the law and provided the legal foundation for Ahearn’s attorney to argue that Ahearn did not know she was transporting marijuana. See United States v. Trevino, 419 F.3d 896, 901 (9th Cir.2005) (“It is not reversible error to reject a defendant’s proposed instruction on his theory of the case, if other instructions, in their entirety, adequately cover that defense theory.”) (quoting United States v. Dees, 34 F.3d 838, 842 (9th Cir.1994)).
Finally, Ahearn argues that there was insufficient evidence to support her conviction. The parties dispute whether de novo review or plain error review is appropriate, but because Ahearn cannot prevail under either standard of review, we need not resolve this question. See United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201 (9th Cir.2000) (declining to determine the practical differences between plain error and de novo review where there was adequate evidence to support the conviction under the de novo standard of review).
Ahearn’s co-conspirator Dianne Weatherford testified at the .trial, and Ah-earn questions her credibility in light of Weatherford’s fear of prison. The jury was informed of Weatherford’s plea agreement and the possibility of her receiving a reduced sentence, and the jury was admonished to examine her testimony “with greater caution than that of other witnesses.” Having heard this evidence, it was the jury’s prerogative as the finder-of-fact whether to believe Weatherford’s testimony. See United States v. Ramirez-Robles, 386 F.3d 1234, 1241 (9th Cir.2004). Viewing the evidence in the light most favorable to the prosecution, Weather-ford’s testimony, the expert testimony of Agent Bortfeld, Ahearn’s possession of approximately 674 kilograms (1,482 pounds) of marijuana, and the border agent’s testimony as to Ahearn’s nervousness provided ample evidence on which any rational trier of fact could have found beyond a reasonable doubt that Ahearn was guilty. See United States v. Diaz-Cardenas, 351 F.3d 404, 407 (9th Cir.2003) (sufficiency of the evidence generally); Ramirez-Robles, 386 F.3d at 1241 (co-conspirator testimony); United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990) (possession of a large quantity of narcotics and nervousness).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.