
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY ANICHI, | No. 09-72344 |
| Petitioner, | BOP No. 05024-707 |
| v. | |
| UNITED STATES PAROLE COMMISSION, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Bureau of Prisons

Submitted June 8, 2010**
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and DOWD, Senior District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Henry Anichi, a United States citizen transferred to the United States to serve a sentence after conviction in Japan, appeals the United States Parole Commission's (the "Parole Commission") release-date determination. Though Anichi has been released by the Bureau of Prisons, he remains on supervised release and, thus, may appeal his sentence. *United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001). We VACATE and REMAND for resentencing.

I.

We first reject Anichi's argument that the Parole Commission's Treaty Transfer Determination is unconstitutional because his Japanese sentence incorporated an additional 119 days of imprisonment due to Anichi's inability to pay a fine. Anichi's Japanese sentence was relevant to his release date calculation only for purposes of applying 18 U.S.C. § 4106A(b)(1)(C), and the Parole Commission disregarded the 119-day supplement to Anichi's sentence when applying § 4106A(b)(1)(C).

II.

The Parole Commission did, however, err in denying Anichi the "safety valve" reduction. *See* U.S.S.G. §§ 2D1.1(b)(11), 5C1.2(a). It is undisputed that Anichi satisfies all requirements set forth in U.S.S.G. § 5C1.2(a) except the requirement that "not later than the time of the sentencing hearing, the defendant

2

has truthfully provided to the Government all information and evidence the defendant has concerning the offense." A defendant bears the initial burden at sentencing to prove by a preponderance of the evidence that he qualifies for the safety valve. *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003). Once he makes this showing, the burden shifts to the government to rebut the defendant's evidence by showing that the information the defendant supplied to the government was untrue or incomplete. *Id.*

Anichi met his initial burden by producing Japanese court documents establishing that prior to sentencing he admitted to Japanese authorities that "he committed this [offense] in connection with a smuggle-organization [sic] . . . , was planning to hand over the above cocaine to 'X' who was Nigerian and lived in Osaka[,] and . . . was asked to commit the crime [by] a person other than 'X.'" Neither the Parole Commission nor the Hearing Examiner who reviewed Anichi's objections to his Treaty Transfer Report attempted to rebut this evidence.

The only adjudicator in this case who examined the safety valve issue was the Probation Officer who compiled Anichi's Treaty Transfer Report. The Probation Officer recommended that Anichi failed to qualify for the reduction because he was initially untruthful with Japanese authorities *at the time of his arrest*. This recommendation contradicts our holding in *United States v. Mejia-*

*Pimental*, 477 F.3d 1100, 1105 (9th Cir. 2007) ("[A]s long as the defendant provides truthful, complete information *before sentencing*, previous lies and omissions will not render him ineligible for the benefit of the safety valve." (emphasis added)). To the extent, if any, that the Parole Commission adopted the Probation Officer's erroneous recommendation, the Commission abused its discretion. *See, e.g.*, *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) ("[A] district court abuses its discretion when it makes an error of law.").

We also note that the Parole Commission concedes that Anichi's total sentence exceeds the length of his foreign sentence in violation of 18 U.S.C. § 4106A(b)(1)(C). On remand, the Parole Commission is admonished to ensure that Anichi's sentence comports with § 4106A(b)(1)(C).

**VACATED** and **REMANDED**.