FILED

**NOT FOR PUBLICATION**

JAN 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10397 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00322-JAT-2 |
| v. | |
| JORGE DE JESUS-CASTENEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and RESTANI, Judge.[**]

Jorge de Jesus-Casteneda appeals from his judgment of conviction for

possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1)

and (b)(1)(B)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

The district court did not err when overruling Appellant's objection that the government exercised a race-based strike of a prospective juror under *Batson v. Kentucky*, 476 U.S. 79 (1986). The government offered a race neutral reason (Juror 23's occupation), and Appellant fails to prove that race was a substantial motivating factor underlying the strike. *Crittenden v. Ayers*, 624 F.3d 943, 958 (9th Cir. 2010).

The district court did not abuse its discretion by giving the jury a "deliberate ignorance" instruction. *United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc). First, the jury could have rationally concluded Appellant was aware of the "high probability" he was transporting methamphetamine, *id.* at 919 n.6, given that he agreed with almost a complete stranger, according to his version of the story, to drive a car that was not his own for a fee to an undisclosed location. This offer should have placed him on notice of suspicious activity, given that he was also asked to retrieve an item from the car at the warehouse and carried that item (the bag containing ten pounds of methamphetamine) into the warehouse. Second, the jury could have concluded Appellant "deliberately avoided learning the truth." *Id.* at 924. There is no evidence he asked the stranger why he needed a ride back to the auto-shop, that he checked the car for contraband, or that he asked what the item that he was retrieving from the car was. A failure to inquire may constitute deliberate ignorance. *See United States v. Nicholson*, 677 F.2d 706, 710-11 (9th Cir.

1982). Appellant even admitted "I did not try to avoid it, nor did I want to find out or anything."

The district court did not abuse its discretion by not giving the jury a specific definition of "intent." Possession of methamphetamine with intent to distribute is a general intent crime, and this circuit discourages the use of specific intent instructions for general intent crimes. *United States v. Bell*, 303 F.3d 1187, 1191 (9th Cir. 2002).

The district court did not err by finding sufficient evidence to support the conviction. *United States v. Johnson*, 357 F.3d 980 (9th Cir. 2004). Appellant was paid to drive the car that contained the drugs, and the evidence shows he saw the small packages inside the large bag. He also went straight to the car, without asking questions, to grab the bag when told to bring an item from the car. Furthermore, he stayed while the bag was opened in the warehouse and listened to the conversation about the drug-weapons deal, though he admitted he could have left.

The district court erred when not giving specific reasons for refusing to apply safety valve relief under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2 at sentencing. *See United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996). However, this error was harmless, as the record "supports a finding that the safety valve provision does not apply" anyway. *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 n.5 (9th Cir. 2003). Appellant did not "truthfully provid[e] to the Government all information and evidence [he] ha[d] concerning the offense."

U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). His "bare assertion" that he truthfully provided all information is insufficient. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996). In light of the jury's guilty verdict, the court did not clearly err by denying safety valve relief. *See Diaz-Cardenas*, 351 F.3d at 404.[1]

**AFFIRMED.**

---

[1] Appellant's claim that the confidential informant's testimony in disguise violated the Confrontation Clause and his due process rights is addressed in an opinion filed concurrently with this memorandum disposition.