**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10442 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00993-JGZ-BGM-1 |
| v. | |
| DOMINGO CONCEPCION IBARRA-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted September 12, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ralph R. Beistline, Chief United States District Judge
for the District of Alaska, sitting by designation.

Defendant-Appellant Domingo Ibarra-Ramirez appeals his conviction and sentence, after a jury trial, of charges of possession with intent to distribute and importation of both methamphetamine and cocaine. The charges stemmed from his attempt to cross the U.S.-Mexican border alone driving a vehicle containing the controlled substances. We affirm.

His principal argument on appeal is that the district court should have permitted him to admit evidence of the degree of purity of the methamphetamine after the government and defense counsel had agreed to a stipulation regarding the nature of the controlled substances. The district court refused to admit the evidence that showed the level of purity, because the government in reliance upon the stipulation had dismissed the government expert who could have testified as to both the contents of the report and the significance of the data in it. There was no abuse of discretion. Moreover, while the defense contends it wanted to pursue a "decoy" theory based on the impurity of the methamphetamine, such evidence would not have affected the uncontroverted evidence concerning the cocaine.

The district court also did not abuse its discretion in admitting the false vehicle registration that defendant handed over to the authorities after he was stopped. The statement was admissible as an adopted admission. *See United States v. Carillo*, 16 F.3d 1046, 1048–49 (9th Cir. 1994).

2

The evidence was sufficient for the jury to infer that the defendant, as the sole occupant of the vehicle, knew it contained drugs. *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003).

While there were some delinquencies and tardiness on the part of government counsel in producing documents, there was no prosecutorial misconduct that would have affected the jury's verdict. The trial was conducted fairly. *Thomas v. Hubbard*, 273 F.3d 1164, 1179–80 (9th Cir. 2001) (overruled on other grounds by *Payton v. Woodford*, 299 F.3d 815 (9th Cir. 2002)).

The district court did not abuse its discretion in denying Ibarra-Ramirez's motion for a new trial. The motion relied on evidence concerning the fraudulent nature of the car registration, which could have been viewed as further incriminating rather than exculpating the defendant.

At sentencing, there was no error in the district court's determination that Ibarra-Ramirez's recounting of events was implausible and incomplete, and there was no abuse of discretion in denying safety valve relief. In order for a defendant to qualify for the safety valve, the information provided must be both truthful and complete. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

**AFFIRMED**.