**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50315 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04522-LAB-1 |
| v. | |
| DORIAN SHAREEF FOWLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 8, 2013[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Dorian Shareef Fowler appeals his conviction and sentence for importation

of cocaine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under

28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

this case, we need not recount them here.

First, viewed in the light most favorable to the government, the government presented sufficient evidence to allow a reasonable jury to conclude beyond a reasonable doubt that Fowler knowingly imported over eleven pounds of cocaine. Mere possession of a substantial quantity of narcotics, as in the case here, is sufficient evidence to support a finding of knowledge. *See United States v. Collins*, 764 F.2d 647, 652 (9th Cir. 1985) (holding that defendant's possession of a shipment containing almost eight pounds of cocaine was sufficient to support the jury's finding of knowledge). Moreover, a jury may infer knowledge when an individual is the driver and sole occupant of a vehicle containing drugs. *See United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003).

Second, Fowler provided no evidence—and thus failed to demonstrate by a preponderance of the evidence—that he was a minor participant. Thus, the district court did not clearly err when it rejected Fowler's request for a downward adjustment for a minor role. *See United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000) (defendant not a minor participant when he was the sole occupant of a car in which a substantial quantity of marijuana was found).

Finally, in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, Fowler's sentence is substantively reasonable. *See Gall v.*

*United States*, 552 U.S. 38, 51 (2007). The district court properly considered the 18 U.S.C. § 3553(a) factors and determined that a sentence 30 months below the Guidelines range was sufficient, but not greater than necessary. We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."[1] *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (quoting *Gall*, 522 U.S. at 51).

    **AFFIRMED.**

---

[1] The district court erroneously stated that Fowler previously committed "repeated theft by deceptions which is writing bad checks, and checks aren't in the $25 amounts. Many of them are in the $100 amounts." In fact, of the eleven bad checks reflected in the Presentence Report, all but one are for amounts under $25. The most significant of these is a $52.52 check; the others range from $4.80 to $24.52. Although the district court's statement was incorrect, considering the "totality of the circumstances," *Carty*, 520 F.3d at 993, the sentence was not substantively unreasonable.