**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50588 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00069-R |
| v. | |
| AUGUSTO ASENCIO RECINOS, a.k.a. Augusto Recinos Asencio, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Augusto Asencio Recinos appeals from the district court's judgment and

challenges his jury-trial conviction and 120-month sentence for possession with

intent to distribute cocaine, in violation of  21 U.S.C. § 841(a)(1), (b)(1)(A)(ii).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Asencio Recinos first contends that there was insufficient evidence to support his conviction because the government failed to present direct evidence that he had knowledge of the cocaine in his vehicle. We review de novo. *See United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003). The government presented evidence that Asencio Recinos was the driver and sole occupant of a vehicle containing 67 kilograms of cocaine, and that he told an officer that he knew he had accepted work involving the transportation of narcotics. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Asencio Recinos had knowledge of the cocaine in his vehicle. *See id.*; *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002).

Asencio Recinos next contends, and the government concedes, that the district court procedurally erred by declining to apply the safety valve provision of 18 U.S.C. § 3553(f) without explanation. The record reflects that at the time of sentencing, the parties agreed that Asencio Recinos had satisfied the safety valve requirements. Nevertheless, the court sentenced him to 120 months, the statutory minimum, without providing reasons for refusing to apply the safety valve

adjustment. Therefore, we vacate and remand for resentencing. Upon remand, the district court shall either state its reasons for declining to apply the safety valve provision by reference to the section 3553(f) factors, or grant safety valve relief and sentence Asencio Recinos "without regard to" the 120-month mandatory minimum. *See* 18 U.S.C. § 3553(f); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007).

In light of this disposition, we do not reach Asencio Recinos's contention that his sentence is substantively unreasonable.

**AFFIRMED in part**; **VACATED and REMANDED for resentencing.**