**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 27 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10568 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01783-CKJ-BGM-1 |
| v. | |
| KUFUO K. WILSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 17, 2016[*]
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

In September 2013, Kufuo Wilson entered an immigration checkpoint on Arizona State Route 80 north of Tombstone. At the checkpoint, his van passed by a police dog trained to detect concealed people and drugs. After the dog alerted to the van, a search revealed 115 kilograms of marijuana. Wilson appeals his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

conviction for possession with intent to distribute fifty kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).   We affirm.

1.   Wilson moved to suppress the marijuana, arguing that use of a drug-sniffing dog transformed the checkpoint from a lawful immigration checkpoint into an unlawful drug interdiction.   *See City of Indianapolis v. Edmond*, 531 U.S. 32, 44 (2000).   But, a lawful immigration checkpoint is not made unlawful by the addition of a secondary purpose of drug interdiction.   *United States v. Soto-Camacho*, 58 F.3d 408, 411–12 (9th Cir. 1995).   Thus, that the dog was trained to detect both drugs and concealed people does not raise an inference of illegality.   Because Wilson's request for an evidentiary hearing was based on mere conjecture that the government makes more drug than immigration arrests at the Tombstone checkpoint, the district court did not abuse its discretion in denying it.   *See United States v. Wilson*, 7 F.3d 828, 833 (9th Cir. 1993).

2.   After Wilson's arrest, the government sent notice to the van's registered owner and forfeited the van, which was sold for scrap.   Wilson argues that depriving him of the opportunity to inspect the van violated the Due Process Clause.   But, he does not claim that the van contained exculpatory evidence, only that an inspection might have been useful.   In the absence of any evidence of bad faith, Wilson's claim fails.   *See Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004).

3. Wilson argues that the government failed to prove that he knew marijuana was in the van or that he intended to distribute it. However, a jury could reasonably infer Wilson's knowledge and intent to distribute from the large quantity of marijuana and his admission that the van smelled like marijuana. *See United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003); *United States v. Davila-Escovedo*, 36 F.3d 840, 843 (9th Cir. 1994).

**AFFIRMED.**