**NOT FOR PUBLICATION**

# FILED

NOV 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50451 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00889-GHK-2 |
| v. | |
| JUAN GABRIEL ANGULO-CABRERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50496 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00889-GHK-3 |
| v. | |
| SERGIO MERCADO-VAZQUEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 9, 2016[]
Pasadena, California

Before:  SCHROEDER and BYBEE, Circuit Judges, and SMITH,[***] Chief District Judge.

Defendants in this consolidated case were both sentenced for their respective roles in a thirty-pound methamphetamine transaction.  Defendant Angulo-Cabrera appeals his sentence on the ground that he received ineffective assistance of counsel ("IAC") during the sentencing proceedings.  Defendant Mercado-Vazquez challenges the district court's denial of safety-valve relief from mandatory-minimum sentencing under 18 U.S.C. § 3553(f) as well as the district court's decision not to *sua sponte* order an evidentiary hearing to judge his credibility during those proceedings.  We have jurisdiction under 28 U.S.C. § 1291, dismiss Angulo's IAC claim with prejudice, and affirm Mercado's sentence.

A.    *Angulo-Cabrera*

Angulo claims that it was deficient for his counsel to "unnecessarily concede that there were more members in the criminal conspiracy" because doing so undermined the Probation Office's recommended downward variance.  Under

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William E. Smith, United States Chief District Judge for the District of Rhode Island, sitting by designation.

*Strickland v. Washington*, 466 U.S. 668 (1984), there is a two-prong test for establishing an IAC claim: (1) deficient assistance of counsel and (2) prejudice as a result. *Id.* at 687. Because Angulo failed to establish the first prong, we need not reach the second.

We generally do not review challenges to the effectiveness of defense counsel on direct appeal and instead prefer challenges in habeas proceedings. *See, e.g.*, *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). There are two "extraordinary exceptions to this general rule: (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005)). The present case falls under the first exception.

Under a "most deferential" standard, starting with the "'strong presumption' that [Angulo's] counsel's representation was within the 'wide range' of reasonable professional assistance," we find that Angulo's counsel's representation did not "amount[] to incompetence." *Harrington v. Richter*, 562 U.S. 86, 104–05 (2011) (quoting *Strickland*, 466 U.S. at 689). Instead, it is clear from the record that Angulo's counsel was pursuing a reasonable strategy designed to minimize Angulo's role in the conspiracy by painting him as a minion of higher-ups, rather

3

than as a drug kingpin for whom a harsh sentence may be warranted. *See Miles v. Ryan*, 713 F.3d 477, 487 (9th Cir. 2013) (denying an IAC claim because defense counsel's sentencing argument "appear[ed] to have been motivated by reasonable strategic concerns"). Because Angulo's counsel followed a valid litigation strategy, we dismiss his IAC claim with prejudice.

B.    *Mercado-Vazquez*

Mercado appeals his 120-month sentence on the grounds that he was improperly denied safety-valve relief and that the district court should have *sua sponte* granted an evidentiary hearing to judge his credibility before ruling that his safety-valve proffers were untruthful and incomplete.

To be eligible for safety-valve relief under 18 U.S.C. § 3553(f), a defendant bears the burden of proving by a preponderance of the evidence that he meets five criteria. *United States v. Diaz-Cardenas*, 351 F.3d 404, 408–09 (9th Cir. 2003). The district court held that Mercado failed the last criterion to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5). This factual determination is reviewed for clear error. *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir. 1996).

The district court did not clearly err in making this factual determination and denying safety-valve relief. The district court based its decision on the provable

4

falsity of Mercado's explanation for why he did not hear or see anything at the drug meeting in question in combination with logical inferences drawn from an agent's statements that Mercado participated and the proximity of Mercado to the transaction. This was not clear error. *See United States v. Hieng*, 679 F.3d 1131, 1145 (9th Cir. 2012) (finding a reasonable inference that the defendant must have known more than he shared with the government a permissible ground to deny relief).

Mercado further claims that the district court erred by not *sua sponte* ordering an evidentiary hearing to judge his credibility. This decision is reviewed for plain error. *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001). Because the district court's findings were based on the objective falsehood of Mercado's statement and Mercado was given ample opportunity to contest the district court's findings, the district court did not plainly err. *See United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996) (noting that when a factual issue is in dispute in a safety-valve application, the district court need only "provide the parties a 'reasonable opportunity' to present information to the court" (quoting Fed. R. Crim. P. 32(c)(3)(A))).

* * *

5

Angulo-Cabrera's IAC claim is **DISMISSED WITH PREJUDICE,** and

Mercado-Vazquez's sentence is **AFFIRMED.**