NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50439 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04181-BEN-1 |
| v. | |
| MERCEDES DE LA PAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 4, 2020[**]
Pasadena, California

Before: TASHIMA, HURWITZ, and FRIEDLAND, Circuit Judges.

Mercedes De La Paz appeals her conviction and 120-month mandatory

minimum sentence for one count of importation of methamphetamine in violation

of 21 U.S.C. §§ 952 and 960. We affirm.

The district court did not err in denying De La Paz's motion for judgment of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

acquittal under Federal Rule of Criminal Procedure 29. The motion asserted that the Government had failed to present sufficient evidence that would allow a reasonable jury to find that De La Paz knew about the drugs in her vehicle. *See United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003). But "it is well-settled that '[m]ere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics.'" *United States v. Hursh*, 217 F.3d 761, 767-68 (9th Cir. 2000) (alteration in original) (quoting *United States v. Collins*, 764 F.2d 647, 652 (9th Cir. 1985)). Moreover, "[a] jury can infer knowledge when an individual is the driver and sole occupant of the vehicle" in which drugs were secreted. *Diaz-Cardenas*, 351 F.3d at 407. The district court correctly denied De La Paz's Rule 29 motion in light of the evidence that she was the driver and sole occupant of a vehicle containing over 30 pounds of methamphetamine.[1]

De La Paz's challenges to her sentence are also unavailing. She did not qualify for a sentence below the mandatory minimum by virtue of the "safety valve" in 18 U.S.C. § 3553(f) because she did not "truthfully provide[] to the Government all information and evidence [she] ha[d] concerning the offense" for

---

[1] The district court initially stated that it was inclined to grant the Rule 29 motion, but reversed course after reviewing the caselaw addressing the quantum of evidence sufficient to support an inference of knowledge. Contrary to De La Paz's contention, the district court's initial receptiveness to her position does not mean that the court's eventual denial of the Rule 29 motion was error.

which she was convicted.  *See* 18 U.S.C. § 3553(f)(5); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1106 (9th Cir. 2007).  De La Paz does not dispute the Government's representation at sentencing that she declined the Government's invitations to a § 3553(f)(5) proffer meeting.  And "[b]ecause no exception to the statutory minimum applies in this case, the [district] court lacked the authority" to impose a sentence below 120 months' imprisonment, notwithstanding De La Paz's health issues and her purportedly minor role in the offense.  *See United States v. Haynes*, 216 F.3d 789, 799-800 (9th Cir. 2000).

**AFFIRMED.**