**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50073 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00059-LAB-1 |
| v. | |
| MIGUEL ALVAREZ-ADAME, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 18, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Miguel Alvarez-Adame appeals pro se from the district court's order

denying his pro se motion for a sentence reduction under 18 U.S.C. § 3582(c). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alvarez-Adame contends that his sentence was still pending on appeal when United States Sentencing Guidelines Amendment 754 became effective and the district court therefore erred when it held that it did not have the authority to reduce his sentence under 18 U.S.C. § 3582(c) because Amendment 754 does not apply retroactively. We review *de novo* whether a district court has the authority to reduce a sentence under 18 U.S.C. § 3582. *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

The district court did not err. Substantive amendments to the Guidelines that occur after sentencing may not be applied retroactively to reduce a sentence under § 3582(c) unless the Sentencing Commission has made the amendments retroactive. *Freeman v. United States*, 131 S. Ct. 2685, 2690-91 (2011) (plurality opinion); *Dillon v. United States*, 130 S. Ct. 2683, 2690-91 (2010); *see also United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003) (holding that substantive amendments to the Guidelines that occur between the date of sentencing and the resolution of an appeal have no retroactive effect unless the Sentencing Commission designates them as retroactive). The Sentencing Commission makes an amendment retroactive by referencing the amendment in the policy statement contained in U.S.S.G. § 1B1.10. *Diaz-Cardenas*, 351 F.3d at 409. Amendment 754 became effective on November 1, 2011, after Alvarez-Adame

2

was re-sentenced, and the Sentencing Commission has not made the amendment retroactive. *See* United States Sentencing Commission, *Guidelines Manual, Appendix C–Vol III,* Amendment 754 at 406; U.S.S.G. § 1B1.10(a), (c). Accordingly, the district court correctly determined that it did not have the authority to reduce Alavarez-Adame's sentence.

**AFFIRMED**.