**NOT FOR PUBLICATION**

FILED

JUL 02 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10459 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 1:15-cr-00519-JMS-2 |
| ALLEN D. GORION, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted June 14, 2018[**]
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Allen Gorion appeals his conviction and 216-month sentence for conspiracy

to possess with intent to distribute five hundred grams or more of

methamphetamine and attempt to possess with intent to distribute five hundred

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

grams or more of methamphetamine.  21 U.S.C. § 841(a)(1); *id.* § 841(b)(1)(A); *id.* § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

An appellate court may reverse a jury's guilty verdict only if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis omitted). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998) (quoting *United States v. Lennick*, 18 F.3d 814, 820 (9th Cir. 1994)). A rational trier of fact may find the defendant guilty by crediting a reasonable, inculpatory explanation for circumstantial evidence even where the defendant advances a reasonable, innocent explanation. *See, e.g.*, *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam); *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) ("[T]he government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt . . . .") (citation omitted).

Circumstantial evidence is insufficient to show knowing possession of contraband "where mere speculation, rather than reasonable inference, supports the government's case," or where the government's evidence establishes only

2

"proximity to contraband, or association with a person having possession of such contraband," *Nevils*, 598 F.3d at 1167. But "[a] jury can infer knowledge when an individual is the driver and sole occupant of the vehicle." *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003). Ownership of the vehicle where drugs are found, evidence that the defendant had access to the drugs, indicia of distribution, and possession of large quantities of drugs all support an inference that the defendant knowingly possessed the drugs. *United States v. Lopez*, 477 F.3d 1110, 1113 (9th Cir. 2007); *United States v. Barbosa*, 906 F.2d 1366, 1368 (9th Cir. 1990).

The evidence was sufficient to show that Gorion knowingly possessed more than 500 grams of methamphetamine. The presence of Sirchie powder on Gorion's clothes supports a conclusion that Gorion made contact with the pseudo-methamphetamine ("pseudo-meth") or the bag carrying the pseudo-meth. Although Gorion's expert proposed an innocent explanation for the presence of the powder on Gorion's clothes, the jury was permitted to credit the government's reasonable, inculpatory explanation instead. Gorion was the sole occupant, driver, and owner of the car where the drugs were found. A government witness testified that the empty plastic bags in Gorion's car were consistent with distribution. Finally, the pseudo-meth in Gorion's car replaced a large quantity of methamphetamine.

3

A rational trier of fact also could find beyond a reasonable doubt the remaining elements of attempted possession with intent to distribute. *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003) (elements); *United States v. Mincoff*, 574 F.3d 1186, 1195 (9th Cir. 2009) (defining attempt). The quantity and purity of the methamphetamine that Gorion attempted to possess and the presence of plastic bags in his car is sufficient to show intent to distribute. *United States v. Innie*, 7 F.3d 840, 844 (9th Cir. 1993); *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988). Gorion does not dispute that his actions, if knowing, constituted a substantial step sufficient to support attempt.

A rational trier of fact could find beyond a reasonable doubt the remaining elements of conspiracy as well. *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (listing elements). "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987). A jury could infer that Leland Akau was engaged in a conspiracy to distribute methamphetamine based on evidence that someone in California sent a package filled with methamphetamine to Akau's residence, that Akau expected the package, and that he received the package, opened it, and transferred its contents to

4

a black bag. Officers directly observed Gorion transport the pseudo-meth throughout the day, both alone and with Akau, and found the psuedo-meth in his car. Because the jury could infer that Gorion had knowledge of the psuedo-meth, it could also find that these actions established a connection with the conspiracy.

Next, Gorion challenges his 216-month sentence. "On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). It is procedural error for a district court "to fail to calculate—or to calculate incorrectly—the Guidelines range." *Id.* at 993. An appellate court may reverse for substantive unreasonableness if, under all of the circumstances, it is left with "a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc).

A defendant is entitled to a 2- to 4-level reduction if he can show that he "was '*substantially less culpable* than the average participant' in the charged criminal activity." *United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (quoting *United States v. Rodriguez–Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011)); *see also* U.S.S.G. § 3B1.2. The defendant has the burden of proving that the reduction is merited. *See id.* at 916-17. The evidence arguably shows that Gorion is

less culpable than Kaahanui. But there was little evidence apart from Gorion's own testimony indicating that Akau's role was greater than Gorion's. The district court did not commit a clear error of judgment in finding that Gorion's testimony was not credible, given that Gorion admitted to committing perjury at trial and gave inconsistent and implausible testimony at sentencing. Gorion offered no other evidence relevant to the factors enumerated in the Guidelines commentary. U.S.S.G. § 3B1.2, cmt. n.(3)(C). Because Gorion can at most show that he is less culpable than one of the three co-conspirators, he has not shown that he is less culpable than the *average* co-conspirator.

Finally, after reviewing all of the circumstances, we are not left with a definite and firm conviction that the sentence was in error. *Cf. Ressam*, 679 F.3d at 1090-91; *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

**AFFIRMED.**