FILED

NOT FOR PUBLICATION

MAY 20 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50204 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00429-AHM-3 |
| v. | |
| RONALD LOUIS BRADSHAW, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: BYBEE and M. SMITH, Circuit Judges, and DAWSON, District Judge.[**]

Defendant-Appellant Ronald Bradshaw appeals a judgment following a jury

verdict convicting him on one count of aggravated identity theft, in violation of 18

U.S.C. § 1028A, and four counts of health care fraud, in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

§ 1347. The district court sentenced Bradshaw to 25-months imprisonment to be followed by a 3-year term of supervised release. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction under 28 U.S.C. § 1291. Considering the evidence presented at trial in the light most favorable to the government, *United States v. Mousavi*, 604 F.3d 1084, 1090 (9th Cir. 2010), we affirm.

Section 1028A of the Criminal Code, which "forbid[s] '[a]ggravated identity theft[,]' imposes a mandatory consecutive 2-year prison term upon individuals convicted of certain other crimes if, during (or in relation to) the commission of those other crimes, the offender 'knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person.'" *Flores-Figueroa v. United States*, 129 S.Ct. 1886, 1888 (2009) (emphases omitted) (quoting 18 U.S.C. § 1028A(a)(1)). Although Bradshaw argues his activities were authorized by the Delegation of Services Agreement, the document he relies on only authorizes a physician assistant to perform activities under the supervision of a physician and to "transmit . . . the supervising physician's prescription." It does not authorize the level of autonomous behavior in which Bradshaw engaged. Given the testimony that Dr. Shard never was present at Glenmountain and never authorized anyone at

2

Glenmountain to use his unique physician identification number (UPIN), and indeed that Bradshaw could not even identify his "supervisor" Dr. Shard in a photo array, there was ample evidence for the jury to conclude that Bradshaw lacked authorization to prescribe motorized wheelchairs. Moreover, Bradshaw's acts of prescribing medically unnecessary wheelchairs with Dr. Shard's UPIN undoubtedly constitute "use" of that number.

As to the health care fraud convictions, Bradshaw's argument that he did not "knowingly and willfully" defraud Medicare is contrary to the evidence. "[W]illfulness may be inferred from circumstantial evidence of fraudulent intent." *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007). The jury heard testimony from several of Bradshaw's patients who had no or little trouble walking but nevertheless were prescribed an expensive motorized wheelchair. The clinic itself was in disrepair and unfit for rendering legitimate medical services. The clinic also had a very low rate of follow-up visits, which indicated that patients were not seeking legitimate medical treatments from the outset. Taken together, the government's evidence described a situation conducive for fraud and abuse, and a jury could reasonably infer that Bradshaw acted in that environment with the intent to defraud Medicare.

The judgment of the district court is **AFFIRMED.**