10-4814-cr
United States v. Abdur-Rahman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————————

August Term, 2011

(Argued: January 6, 2012

Decided: February 15, 2013)
Amended March 13, 2013)

Docket No. 10-4814-cr

————————————

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

YUSUF ABDUR-RAHMAN,

*Defendant-Appellant*.

————————————

Before:

WINTER, HALL, *Circuit Judges*, and HELLERSTEIN, *Senior District Judge*.*

————————————

AFFIRMED.

————————————

---

* The Honorable Alvin K. Hellerstein, United States Senior District Judge for the Southern District of New York, sitting by designation.

RACHEL P. KOVNER, Justin S. Weddle, *of counsel*, Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., *for Appellee*.

YUSUF ABDUR-RAHMAN, *pro se.*

———————————

PER CURIAM:

On March 30, 2009, Yusuf Abdur Rahman was arrested on charges of Medicaid fraud. The criminal complaint charged Rahman with impersonating Medicaid beneficiaries by borrowing Medicaid identification cards from program beneficiaries and using those cards to obtain HIV and AIDS medications, oxycodone, and hydromorphone from pharmacies in Queens and the Bronx. After a jury trial, Rahman was found guilty of executing and attempting to execute a scheme to defraud Medicaid in violation of 18 U.S.C. §§ 1347 and 2; committing access device fraud by using New York State Benefit Identification Cards issued to others to obtain Medicaid benefits fraudulently in violation of 18 U.S.C. §§ 1029(a)(5) and 2; acquiring and obtaining controlled substances by misrepresentation, fraud, forgery, deception and subterfuge in violation of 21 U.S.C. § 843(a)(3); aggravated identity theft in relation to health care fraud in violation of 18 U.S.C. §§ 1028A and 2. Rahman was sentenced to a term of 101 months' imprisonment. This appeal, which challenges his conviction on a number of grounds, followed. Most of Rahman's arguments on appeal have been disposed of in a separate summary order filed simultaneously with this opinion. We write only to address a claim raised in Rahman's *pro se* brief concerning whether health care fraud is an enumerated felony violation cognizable under 18 U.S.C. § 1028A—a matter of first impression in this circuit.

## Background

In his *pro se* brief, Rahman argues that the district court erroneously instructed the jury that health care fraud is one of 18 U.S.C. § 1028A's enumerated felony violations. Section 1028A, titled "Aggravated Identity Theft" provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." Subsection (c)(5), further provides that "[f]or purposes of this section, the term 'felony violation enumerated in subsection (c)' means any offense that is a violation of . . . any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

During pre-trial proceedings in the district court, Rahman argued—as he does here—that the language within the parentheses in subsection (c)(5) limits the phrase "any provision contained in chapter 63" to only those portions of Chapter 63 relating specifically to mail, bank, and wire fraud. Thus, his argument goes, section 1028A(c)(5) by its own terms does not include health care fraud notwithstanding that it is one of the types of fraud defined in Chapter 63. *See* ROA, Transcript of Charge Conf., Jan. 11, 2010 at pp. 616–20. In Rahman's view, health care fraud cannot constitute a predicate offense for aggravated identity theft.

The district court rejected Rahman's argument that the parenthetical language limited the applicable provisions of Chapter 63 to those relating only to mail, bank, and wire fraud. Instead, it construed that language as a "shorthand signal." *Id.* at 618. Having reached that determination, the district court proceeded to instruct the jury:

> Count Four of the indictment charges the defendant Yusuf Abdur Rahman with violating Title 18 of the United States Code, Section 1028A. The statute provides in relevant part that whoever during and in relation to the offense of health care fraud or access device

3

fraud knowingly transfers, possesses, or uses without lawful authority a means of identification of another person shall be guilty of crime.

On appeal, Rahman argues that the district court's instruction is erroneous and misleading because health care fraud is not an enumerated felony recognized in section 1028A(c). We disagree, and for the reasons that follow, hold that the district court correctly interpreted the statute and correctly instructed the jury.

## Discussion

We review preserved challenges to jury instructions *de novo*. *United States v. Yakobowicz*, 427 F.3d 144, 150 (2d Cir. 2005). A district court's jury charge constitutes reversible error only where it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen,* 17 F.3d 552, 556 (2d Cir. 1994). We also review *de novo* a district court's resolution of a question of statutory interpretation. *United States v. Aleynikov*, 676 F.3d 71, 76 (2d Cir. 2012).

We begin, as we must, with the "language employed by Congress and the assumption that ordinary meaning of that language accurately expresses the legislative purpose." *Aleynikov,* 676 F.3d at 76 (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)). Here, the plain language of section 1028A indicates that Congress's use of parentheticals and the phrase "relating to" in subsection 1028A(c) serves only an explanatory or descriptive purpose and does not expressly limit the definition of felony violation to only those offenses identified in the parenthetical.[1] We therefore conclude, without need for further analysis, that health care fraud is

---

[1] While our sister circuits have not directly confronted an argument relating to the scope of cognizable predicate felonies under 18 U.S.C. § 1028A, we note that the Fourth, Ninth, and Eleventh Circuits have upheld convictions of aggravated identity theft when health care fraud served as the predicate felony. In so doing, the Fourth Circuit noted that "health care fraud qualified as [a] predicate felony offense[] under 18 U.S.C. § 1028A(c)(1)." *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010). The Ninth Circuit did so summarily. *United States v. Bradshaw*, 433 Fed. App'x 618, 619–20 (9th Cir. 2011). The Eleventh Circuit did so in granting a motion pursuant to *Anders v.*

4

a cognizable predicate felony under 18 U.S.C. § 1028A(c)(5).

The plain language of section 1028A provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment for 2 years." 18 U.S.C. § 1028A(a)(1). Subsection (c) of 1028A has eleven subparts—each specifying offenses contained either in a specific section or in a chapter of Title 18 of the United States Code that would satisfy section 1028A(a)'s enumerated offense requirement. In each of the eleven subparts, Congress inserted an explanatory parenthetical beginning with the phrase "relating to" following the section or Chapter number. In some cases, the explanatory phrase "relating to" is followed by the title of the section or chapter specified by the subpart. For example, subsection (c)(7) specifies, as an enumerated felony violation, "any provision contained in chapter 75 (relating to passports and visas)." The title of Chapter 75 is "Passports and Visas". In other instances, the language that follows "relating to" is merely a descriptive shorthand signal corresponding to the subject of the identified title or chapter. For example, subsection (c)(2) identifies as a predicate felony violation section 911 "(relating to false personation of citizenship")." Section 911, however, is titled "Citizen of the United States," while the conduct it prohibits is the false personation of a United States citizen. Given the variations in the way Congress has used the phrase "relating to" in subsection 1028A(c), it is clear that the language and structure of that section, read as a whole, supports the conclusion that the parentheticals within it are intended to describe the nature of each chapter or section enumerated. They are not intended to limit the predicate felonies to which they

*California*, 386 U.S. 738, when an argument near-identical to the one here was raised in the proceedings below. *United States v. Silvio*, No. 10-14792, 2012 WL 5373537 (11th Cir. Nov. 2, 2012). Several district courts have concluded similarly. *See, e.g.*, *United States v. Estrada-Sanchez*, 558 F. Supp. 2d 129, 131 (D. Me. 2008).

5

pertain.  *See United States v. Estrada-Sanchez*, 558 F. Supp. 2d 129, 131 (D. Me. 2008).

Turning specifically to subsection (c)(5), Rahman would have us construe the phrase "relating to" as an exclusive limitation on the extensive and various types of fraud identified in Chapter 63 that can serve as predicate felonies, encompassing only a limited subset of such frauds and explicitly excluding health care fraud and securities fraud.  *See* 18 U.S.C. § § 1347, 1348. Such a reading is unsupported by the statute's plain text given the variety of ways parenthetical language is employed in section 1028A, as discussed above.  Rahman's argument in this regard also fails to overcome other principles of statutory construction.  First, reading the parenthetical phrase "relating to mail, bank, and wire fraud" in subsection (c)(5) as a limitation on the cognizable frauds enumerated in Chapter 63 does not comport with the Supreme Court's interpretation and treatment of Congress's use of the term "relating to" as one signaling an expansive intent, not a limiting one.  *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (stating that "[t]he ordinary meaning of ["relating to"] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with'").  Second, Rahman's reading would ignore the structure Congress used elsewhere in section 1028A(c) to exclude certain federal criminal offenses from serving as predicate felonies. Specifically, when Congress wished to exclude, for purposes of section 1028A, particular offenses contained within a section or chapter from the category of predicate felonies, Congress listed the specific provisions and omitted the inclusive language "any provision of."  *See, e.g.*, 18 U.S.C. § 1028A(c)(8) ("any offense that is a felony violation of . . . section 523 of the Gramm–Leach– Bliley Act (15 U.S.C. [§] 6823) (relating to obtaining customer information by false pretenses)"). Lastly, while acknowledging that the parenthetical language in question reads "relating to mail, bank, and wire fraud," we note that "one of the most basic interpretive canons [is] that a statute

6

should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *See Corley v. United States*, 556 U.S. 303, 313 (2009) (quoting *Hibbs v. Winn,* 542 U.S. 88, 101 (2004) (internal quotation marks and alterations omitted)).  Reading the parenthetical language in the manner Rahman advocates so as to limit the predicate felony violations to only those identified by name would render superfluous the phrase "*any provision contained in* chapter 63."  *See* 18 U.S.C. § 1028A(c) (emphasis added).  This we will not do.

In short, we agree with the district court and hold that the parenthetical language "relating to mail, bank, and wire fraud" in 18 U.S.C. § 1028(c)(5) is merely a shorthand signal to the reader concerning the general nature of offenses contained in Chapter 63.  It is not intended to limit the predicate felonies enumerated in Chapter 63, cognizable in 18 U.S.C. § 1028(A), only to those three identified in the parenthetical.  Rather, it encompasses the other frauds criminalized in Chapter 63.  Any other reading would ignore the plain language and structure of the statute, fail to comport with the Supreme Court's guidance on the meaning of "relating to," and render Congress's use of the phrase "any provision contained in Chapter 63" inoperative.  Accordingly, we also hold that the instruction given to the jury on the charge of aggravated identity theft was neither misleading nor inadequate.  The judgment of the district court is AFFIRMED.

## Conclusion

For the reasons stated above and in the accompanying summary order, the judgment of conviction is AFFIRMED.

7