**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50338 |
| Plaintiff-Appellee, | |
| | D.C. No. |
| v. | 2:11-cr-01075-SJO-6 |
| ARTAK OVSEPIAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 6, 2016
Pasadena, California

Before: D.W. NELSON and OWENS, Circuit Judges, and KORMAN,** District
Judge.

Artak Ovsepian ("Ovsepian") appeals his sentence and restitution order

following his conviction on charges relating to a health care fraud scheme. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

affirm in part and reverse in part, vacate the sentence, and remand for resentencing. The restitution order is affirmed.

## I.  Aggravated Identity Theft and Double Counting

Ovsepian argues that his consecutive sentence for aggravated identity theft under 18 U.S.C. § 1028A bars two enhancements as impermissible double counting because they are based on the unlawful use of a means of identification. *See* U.S.S.G. § 2B1.6 cmt. n.2.

First, we find that the district court did not engage in impermissible double counting in applying a two-level enhancement for number of victims under U.S.S.G. § 2B1.1(b)(2). The number-of-victims enhancement serves a purpose distinct from punishing identity theft: punishing offenders based on the number of victims. *See United States v. Holt*, 510 F.3d 1007, 1011–12 (9th Cir. 2007); *see also United States v. Smith*, 751 F.3d 107, 121 (3d Cir. 2014) ("Quite plainly, the victim enhancement under § 2B1.1(b)(2) is not an enhancement based on the use of a 'means of identification'; it is an enhancement based on the number of victims.").

Second, the record does not show, however, why the district court applied a sentence enhancement for unlawful use or possession of an authentication feature under U.S.S.G. § 2B1.1(b)(11)(A)(ii). We therefore vacate the sentence and remand for resentencing so the district court can explain why it applied this

enhancement and address whether such application constituted impermissible double counting.

There is one issue that does not relate to double counting that we address here. Pursuant to § 1028A(c)(5), aggravated identity theft may be predicated on a felony violation of "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." Ovsepian argues that this parenthetical has the effect of limiting predicate felonies under Chapter 63 to mail, bank, and wire fraud, and excludes other fraud offenses prescribed in that chapter, including conspiracy to commit health care fraud—the offense on which he was convicted. We have held, however, that Congress did not intend such parentheticals "be accorded a limiting effect rather than a descriptive one." *United States v. Harrell*, 637 F.3d 1008, 1010 (9th Cir. 2011). Instead, the parenthetical "merely provides a short-hand description of what several of the cited sections primarily cover." *Id.* at 1011 (citation omitted); *see also United States v. Abdur-Rahman*, 708 F.3d 98, 101–02 (2d Cir. 2013).

## II. Sophisticated Means Enhancement

The district court did not err in applying the sophisticated means enhancement. We reject at the threshold the argument that the Sentencing Guidelines provision for a sophisticated means enhancement is unconstitutionally vague. Outside the First Amendment context, the void-for-vagueness doctrine

requires a finding of vagueness as applied to the facts of the instant case. *Cavitt v. Cullen*, 728 F.3d 1000, 1005 (9th Cir. 2013). The facts of the conspiracy in this case showed that it was sophisticated, as it included use of fake and real doctors, covert transportation, and other means of operation.

We reject Ovsepian's argument that this enhancement was subsequently amended in a way that would have made it inapplicable because the amendment Ovsepian relies on is substantive rather than clarifying, and substantive amendments do not apply retroactively unless they are "specifically referenced in U.S.S.G.§ 1B1.10." *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003). Nevertheless, as the United States Attorney concedes, the district court would have the discretion on remand to consider the amended enhancement in fashioning an appropriate sentence. *See United States v. Taylor*, 648 F.3d 417, 425 n.3 (6th Cir. 2011) (collecting cases).

## III. Acceptance of Responsibility Adjustment

We reject Ovsepian's argument that the district court did not make sufficient factual findings when it declined to apply an adjustment for acceptance of responsibility. There was no factual dispute with the presentence investigation report ("PSR") requiring an explicit resolution by the district court. *Cf. United States v. Carter*, 219 F.3d 863, 866–68 (9th Cir. 2000) (error where district court

did not resolve objections to facts in the PSR necessary to find that defendant was a manager or supervisor, as required for enhancement). Moreover, our review of the record persuades us that the district court did not erroneously decline to apply the adjustment for acceptance of responsibility.

## IV.    *Apprendi* Claim

The district court did not err under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in ordering restitution without a jury calculation. We previously held in *United States v. Green* that *Apprendi* does not affect restitution. 722 F.3d 1146, 1149–1151 (9th Cir. 2013). Recent Supreme Court authority does not, as Ovsepian argues, undercut the rationales in *Green*.

First, *Paroline v. United States*, 134 S. Ct. 1710, 1726 (2014), does not hold that restitution is solely punitive and so does not undermine *Green*'s rationale that the nature of restitution may sometimes be punitive, or remedial, or both. *Green*, 722 F.3d at 1150; *see also United States v. Alvarez*, 835 F.3d 1180, 1185 (9th Cir. 2016). Second, *Green* relied on the fact that restitution does not implicate a statutory maximum. *Id.* Thus, while restitution arguably serves to aggravate a criminal sentence, *see Alleyne v. United States*, 133 S. Ct. 2151, 2162–63 (2013), it does not implicate a statutory minimum like in *Alleyne*. On the whole, there is not enough support to conclude that intervening authority has sufficiently undercut

*Green*'s rationales to be "clearly irreconcilable" for this panel to overrule circuit precedent. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *United States v. Eyraud*, 809 F.3d 462, 471 (9th Cir. 2015) ("[*Green*] forecloses counsel's . . . invocation of [*Paroline*] . . . . We held in *Green* that [*Apprendi*] does not apply to restitution orders, and *Paroline* does not invalidate that holding.").

## V.    Conclusion

We affirm the district court on all issues except for whether its application of a sentence enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii) constituted impermissible double counting. On this issue, we vacate and remand. The restitution order is affirmed.

**AFFIRMED** in part, **REVERSED** in part, **VACATED**, and **REMANDED**.