NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50028 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01075-SJO-3 |
| v. | |
| KENNETH WAYNE JOHNSON, M.D., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted August 10, 2017[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and GILLIAM,[***] District
Judge.

Kenneth Wayne Johnson, M.D., appeals from his jury conviction and 108-

month sentence for his participation in a multi-million dollar health care fraud

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Haywood S. Gilliam, Jr., United States District Judge
for the Northern District of California, sitting by designation.

scheme.  As the parties are familiar with the facts, we do not recount them here. We affirm in part, vacate in part, and remand for resentencing.[1]

The district court was "well within its discretion" in "deferring consideration of [Johnson's] ineffective assistance claim to collateral review, when a complete record would be available."  *United States v. Steele*, 733 F.3d 894, 895, 899 (9th Cir. 2013).

Viewing the evidence in the light most favorable to the prosecution, the jury reasonably could have found that the Medicare and Medi-Cal cards qualified as "identification documents" under 18 U.S.C. § 1028.  *See* 18 U.S.C. § 1028(d)(3) (defining "identification document"); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Moreover, Johnson's conviction also rested on possession of driver's licenses, which qualify as "identification documents."  18 U.S.C. § 1028(d)(3).

Regarding sentencing, the district court did not plainly err in applying a sophisticated means enhancement under U.S.S.G. § 2B.1(b)(10)(C).  Further, as Johnson concedes in his reply brief, the district court also did not plainly err in applying a number of victims enhancement under U.S.S.G. § 2B.1(b)(2)(A).

However, as with Johnson's co-defendant, "the record does not show . . . why the district court applied a sentence enhancement for unlawful use or

---

[1] We grant both Johnson's Unopposed Motion for Judicial Notice of Related Court Records (Dkt. No. 35) and the Government's Unopposed Request for Judicial Notice (Dkt. No. 43).

possession of an authentication feature under U.S.S.G. § 2B1.1(b)(11)(A)(ii)." *United States v. Ovsepian*, 674 F. App'x 712, 713 (9th Cir. Jan. 9, 2017). "We therefore vacate the sentence and remand for resentencing so the district court can explain why it applied this enhancement and address whether such application constituted impermissible double counting." *Id*.

**AFFIRMED in part, VACATED in part, and REMANDED**.