RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0007p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERIC KING,

*Defendant-Appellant.*

> No. 24-3095

On Motion for Release Pending Appeal
United States District Court for the Northern District of Ohio at Cleveland.
No. 1:20-cr-00731-16—Pamela A. Barker, District Judge.

Decided and Filed:  January 16, 2025

Before:  DAVIS, MATHIS, and BLOOMEKATZ, Circuit Judges.

_____

## COUNSEL

**ON MOTION FOR RELEASE PENDING APPEAL:**  Gary K. Springstead, SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC, Grand Rapids, Michigan, for Appellant. **ON RESPONSE:**  Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.  **ON REPLY:**  Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant.

_____

## ORDER

_____

Defendant Eric King appeals his convictions for health care fraud, making false statements relating to health care matters, and aggravated identity theft.  He moves for release pending appeal.  The government opposes release.

A person found guilty of an offense and sentenced to a term of imprisonment must be detained pending appeal unless a judicial officer concludes (1) by clear and convincing evidence that he is unlikely to flee or pose a danger to others and (2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not result in imprisonment, or a lesser sentence sufficient to result in his release before the conclusion of his appeal.  18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).  "[A]n appeal raises a substantial question when [it] presents a 'close question or one that could go either way' and . . . the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'"  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233−34 (8th Cir. 1985) (en banc)).

King challenges only his convictions for aggravated identity theft on appeal.  Generally, "[a]n argument that would produce a reversal of fewer than all . . . counts would be insufficient . . . because if one count imposing imprisonment survives, the reason for allowing bail pending appeal, that a defendant should not be imprisoned under a legally erroneous sentence, disappears."  *Powell*, 761 F.2d at 1233.  The general rule does not apply here, however, where King could complete his sentences for his other convictions before his appeal is resolved.

King argues for the first time on appeal that his amended indictment did not state an offense for aggravated identity theft, and the jury thus failed to consider the requisite elements, because, after his indictment, the Supreme Court held in *Dubin v. United States*, 599 U.S. 110 (2023), that a defendant commits aggravated identify theft under 18 U.S.C. § 1028A only if the unauthorized use of the stolen identity was the crux of the criminal conduct.  Assuming that he did not waive the argument and can demonstrate good cause for failing to raise this issue before trial, *see United States v. Bankston*, 820 F.3d 215, 227−28 (6th Cir. 2016), we review this issue for plain error, *United States v. Howard*, 947 F.3d 936, 942−43 (6th Cir. 2020).  We liberally construe the indictment in favor of its sufficiency and will not reverse unless the defendant can show prejudice or that the indictment cannot reasonably be construed to charge a crime.  *Id.* at 942-43.  An indictment is sufficient if it sets out the statutory elements for the offense, provides

notice to defendant of the charge he faces, and is specific enough to permit him to plead double jeopardy if he is later charged with the same crime on the same facts. *Id.* at 943.

Section 1028A punishes those who "during and in relation to" certain felony violations, including those involving fraud and false statements, "use[], without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1), (c)(4); *see United States v. Michael*, 882 F.3d 624, 626 (6th Cir. 2018); *see also United States v. Abdur-Rahman*, 708 F.3d 98, 100−02 (2d Cir. 2013) (per curiam) (holding that the parenthetically denoted offenses listed in § 1028A(c) are a "shorthand signal to the reader concerning the general nature" of the predicate offenses supporting a conviction for aggravated identity theft). King's supplemental and amended indictments tracked this statutory language.

Following King's indictment, the Supreme Court held that to convict under § 1028A, the government must establish that "the means of identification specifically must be used in a manner that is fraudulent or deceptive." *Dubin*, 599 U.S. at 132. "Identity theft is committed when a defendant uses the means of identification itself to defraud or deceive. . . . When a means of identification is used deceptively, this deception goes to 'who' is involved, rather than just 'how' or 'when' services were provided." *Id.* at 123. It thus follows that "[u]se of the means of identification" must "be at the locus of the criminal undertaking, rather than merely passive, passing, or ancillary employment in a crime." *Id.* (cleaned up). Of note, however, "*Dubin* did not change" our law. *United States v. O'Lear*, 90 F.4th 519, 533 (6th Cir. 2024). To the contrary, the Supreme Court adopted this court's "colloquial formulation" as "a helpful guide." *Dubin*, 599 U.S. at 132.

King's charges were consistent with *Dubin*. The government alleged that King submitted claims for reimbursement for services never rendered. Put simply, he "used [patients'] identifying information to fashion a fraudulent submission out of whole cloth, making the misuse of these means of identification 'during and in relation to'—indeed integral to—the predicate act of healthcare fraud." *Michael*, 882 F.3d at 628−29. Liberally construed, this is sufficient and no plain error occurred. *See United States v. Gladden*, 78 F.4th 1232, 1245 (11th Cir. 2023); *United States v. Demasi*, No. 22-cr-20670, 2023 WL 6701998, at *6 (E.D. Mich. Oct. 12, 2023).

King also challenges the jury instructions for aggravated identity theft.  "There is a high standard for reversal of a conviction on the grounds of improper instructions." *United States v. Fisher*, 648 F.3d 442, 447 (6th Cir. 2011) (quoting *United States v. Young*, 553 F.3d 1035, 1050 (6th Cir. 2009)).  We generally "review jury instructions as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a sound basis in law to aid the jury in reaching its decision." *Id.* (quoting *United States v. Clark*, 988 F.2d 1459, 1468 (6th Cir. 1993) (per curiam)).  But where, as here, there was no objection to the instruction, we review for plain error, *United States v. Hofstetter*, 80 F.4th 725, 730 (6th Cir. 2023), and consider "whether 'the instructions, when taken as a whole, were so clearly wrong as to produce a grave miscarriage of justice." *United States v. Gandy*, 926 F.3d 248, 265 (6th Cir. 2019) (quoting *United States v. Wood*, 364 F.3d 704, 708 (6th Cir. 2004)).

We consider, among other things, whether the challenged jury instruction mirrors or tracks our pattern instructions in determining whether it was misleading or erroneous.  *United States v. Damra*, 621 F.3d 474, 499 (6th Cir. 2010); *see United States v. Hines*, 398 F.3d 713, 718 (6th Cir. 2005) (holding that jury instructions that "essentially tracked the language and organization of the Sixth Circuit Pattern Jury Instruction regarding conspiracy" were not plainly erroneous).  The district court's instructions initially tracked our pattern instructions, but then went further and incorporated *Dubin*'s holding tracking the language in that case.  Specifically, the district court instructed the jury that "the means of identification must be the crux of the facilitation or furtherance of the felony . . . and the presence or involvement of the means of identification cannot be merely ancillary."  King properly points out that the Supreme Court later clarified that "being at the crux of the criminality requires more than a causal relationship, such as facilitation of the offense or being a but-for cause of its success." *Dubin*, 599 U.S. at 131 (cleaned up).  But that clarification does not impact the instructions here, as the instructions adequately conveyed that the "the means of identification [must be] at the crux of the underlying criminality," *id.* at 129, and that the identities had to have played a key role in the commission of the predicate felonies.  Accordingly, it does not appear that the instructions were so gravely wrong as to have resulted in a miscarriage of justice, particularly given our recognition in *O'Lear* that *Dubin* did not change this court's precedent.

Finally, King argues that his indictment was constructively amended because he was convicted on pre-*Dubin* charges using post-*Dubin* instructions.  Because King failed to raise the issue below, it is reviewed for plain error.  *United States v. Belcher*, 92 F.4th 643, 648 (6th Cir. 2024).  Constructive amendments to an indictment are per se prejudicial.  *Id.* at 649.  An indictment is constructively amended when "its terms are 'altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.'"  *Id.* at 648 (quoting *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005)).

The government charged King with knowingly using his clients' identities to obtain reimbursements from Medicaid for services never rendered.  Neither the evidence presented nor the instructions given modified the elements for aggravated identity theft.  The government asserts that the trial evidence established that, as alleged for each reimbursement claim, King could not have provided the billed services because his clients were at work, hospitalized, or incarcerated at the time.  This evidence is wholly consistent with the charges in King's pre-*Dubin* indictment and our post-*Dubin* understanding of the elements of the offense.  *See O'Lear*, 90 F.4th at 533 (quoting *Dubin*, 599 U.S. at 132) ("O'Lear used the identities of [others] in a 'deceptive' way that went to the 'crux' of his scheme to bill for fictitious [services].").

The instructions present a closer question.  But based on the evidence at trial and the whole of the jury instructions, it cannot be said that the instructions "so modif[ied] essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *Belcher*, 92 F.4th at 648.  As an initial matter, King asserts that the district court "add[ed] requirements for conviction"; if anything, this means the government proved more than it had to, in addition to the necessary elements of the charged offense.  And unlike the constructive-amendment cases King cites in his motion, the district court did not substitute distinctly different or easier-to-prove conduct—like inserting "possession" where the statute requires "use," *United States v. Combs*, 369 F.3d 925, 936 (6th Cir. 2004)—or allow jurors to consider alternative conduct to prove the offense—like instructing jurors that possession on three different dates over an 11-month period

was sufficient when the indictment charged the defendant with unlawful possession of a firearm on one specific date, *United States v. Ford*, 872 F.2d 1231, 1235−36 (6th Cir. 1989). We have been clear that "[a]s long as the proof at trial corresponds to an offense clearly charged in the indictment, a conviction for such offense and based upon that proof should be sustained." *United States v. Sosa-Baladron*, 800 F. App'x 313, 320 (6th Cir. 2020).  Such is the case here.

Accordingly, the motion for release pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk